[Doc. No. 27]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| THERESA RAFFERTY,<br><br>              Plaintiff,<br><br>   v.<br><br>CAPE MAY COURT HOUSE DINER<br>FAMILY RESTAURANT, INC.,<br><br>              Defendant. | Civil No. 18-12540 (JS) |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the "Motion for Summary Judgment" ("motion") [Doc. No. 27] filed by defendant Slades, Inc. d/b/a Cape May Court House Diner Family Restaurant, Inc. ("Restaurant" or "defendant"). The Court received the opposition filed by plaintiff Theresa Rafferty [Doc. No. 30] and defendant's reply [Doc. No. 31]. Defendant seeks summary judgment on all claims raised in plaintiff's complaint. Pursuant to 28 U.S.C. § 636(c), the parties consented to the jurisdiction of this Court to hear the case. [Doc. No. 17]. The Court exercises its discretion to decide the motion without oral argument. See Fed. R. Civ. P. 78; L. Civ. R. 78.1. For the reasons to be discussed, defendant's motion is DENIED.

**Background**

Plaintiff Theresa Rafferty filed this personal injury action on August 8, 2018 against defendant. See Compl. [Doc. No. 1]; see also Am. Compl. [Doc. No. 6]. Plaintiff's cause of action arises out of an alleged trip and fall that occurred on July 16, 2017 in the parking lot of defendant's restaurant. See Def.'s Statement of Material Facts ("SMF") ¶¶ 1-9 [Doc. No. 27-1]; Pl.'s Resp. to Def.'s SMF [Doc. No. 30-2]. Specifically, plaintiff alleges that, upon parking her car and preparing to enter defendant's restaurant, plaintiff "tripped and fell on a misaligned, misplaced, crooked, unsecured parking [block] bumper in the parking lot and was caused to sustain severe, multiple and permanent injuries attempting to get out of her vehicle." Pl.'s Suppl. Statement of Disputed Facts ("SDF") ¶ 3 [Doc. No. 30-3]. Defendant concedes that, in general, it is responsible for maintaining the parking lot in a good state of repair for the safety of prospective patrons such as plaintiff. See Def.'s Reply at 3 [Doc. No. 31]. Defendant contends, however, that plaintiff offers no evidence to demonstrate the existence of a dangerous condition. See Mot. Br. at 3-7. In addition, while the parties generally agree on the factual allegations underlying the incident, plaintiff disputes certain contentions related to her familiarity with the parking lot and her awareness, or lack thereof, of the subject parking block bumper at the time she tripped and fell. See Pl.'s Resp. to Def.'s SMF ¶¶ 5, 7.

2

Defendant now seeks summary judgment on plaintiff's complaint contending plaintiff is unable to prove (1) that the parking block bumper or the parking lot contained a dangerous condition and/or (2) that defendant had actual or constructive knowledge of the condition that allegedly existed in the parking lot that caused plaintiff's injuries. See Mot. Br. at 2 [Doc. No. 27-2]. Defendant also contends expert testimony is required to show the existence of a dangerous condition and to prove its negligence, adding that plaintiff has obtained no such expert. Id. at 4-7. Defendant avers it purchased the restaurant in 1997 and that "[n]o changes were made to the two side parking lots since the purchase," which is where the incident occurred. Def.'s SMF ¶¶ 10-11. Defendant further avers that it received no complaints, before or after the incident, regarding the position of its parking block bumpers. Mot. Br. at 3-7; Def.'s SMF ¶¶ 10-14. As such, defendant contends even if a dangerous condition existed its motion should be granted, as the record demonstrates defendant had no actual or constructive notice of the dangerous condition alleged. Mot. Br. at 7-10.

Plaintiff opposes defendant's motion contending it should be denied as untimely.[1] See Pl.'s Opp'n at 2, 3-4 [Doc. No. 30]. Alternatively, plaintiff contends that the motion should be denied because the record demonstrates there is a genuine question of

---

[1] In the interests of justice, the Court will excuse defendant's late submissions.

3

material fact as to whether the parking block bumpers in defendant's parking lot, including the parking block bumper that plaintiff tripped and fell over, were misaligned, misplaced, crooked, unsecured, and/or constituted a dangerous condition. Id. at 2, 4-6. Last, plaintiff asserts that defendant is incorrect in its assertion that an expert is required to prove its negligence, and that the record demonstrates defendant had knowledge of an alleged dangerous condition but failed to correct it. Id. at 10-11.

**Discussion**

**A. Summary Judgment Standard**

Summary judgment is appropriate when, drawing all reasonable inferences in the non-movant's favor, there exists "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Anderson v. Liberty Lobby, 477 U.S. 242, 256 (1986). Summary judgment is not appropriate, however, if the dispute over a material fact is "genuine," that is, if the evidence is such that a reasonable jury could return a verdict in favor of the non-moving party. Anderson, 477 U.S. at 248. "[T]he substantive law will identify which facts are material." Id. at 248. Only disputes over facts that weigh on the case's outcome "will properly preclude the entry of summary judgment." Id. The Court must view all evidence and draw all reasonable inferences in a light most favorable to the non-moving

party. See Startzell v. City of Philadelphia, 533 F.3d 183, 192 (3d Cir. 2008) (citation omitted).

The moving party bears the initial burden of informing the Court of the basis for its motion and demonstrating the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once satisfied, the burden shifts to the non-moving party to demonstrate "a genuine issue for trial." Anderson, 477 U.S. at 250 ("[W]hether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."). The party opposing summary judgment may not "rest upon mere allegation[s] or denials of his pleading," but must set forth specific facts and evidence demonstrating a genuine dispute for trial. Id. at 256; Fed. R. Civ. P. 56(c)(1)(A).

**B. Analysis**

To establish a claim for negligence, a plaintiff must prove: (1) a duty of care, (2) a breach of that duty, (3) proximate cause, and (4) actual damages. See Weinberg v. Dinger, 524 A.2d 366, 373 (N.J. 1987). Accordingly, "in any case founded upon negligence, the proofs ultimately must establish that defendant breached a duty of reasonable care, which constituted a proximate cause of the plaintiff's injuries." Brown v. Racquet Club of Bricktown, 471 A.2d 25, 29 (N.J. 1984). In a case such as this, based on premises liability, the duty of care owed will depend on both defendant's

5

and plaintiff's status. See, e.g., Kelly v. Beauty Sys. Grp., LLC, C.A. No. 17-7480, 2019 WL 6696265, at *4 (D.N.J. Dec. 9, 2019).

Here, there is no dispute that defendant is the proprietor of commercial premises, and plaintiff its invitee. Hopkins v. Fox & Lazo Realtors, 625 A.2d 1110, 1113 (N.J. 1993) (stating an invitee is an individual "invited on the premises for purposes of the owner that often are commercial or business related"). "Business owners owe to invitees a duty of reasonable or due care to provide a safe environment for doing that which is within the scope of the invitation." Nisivoccia v. Glass Gardens, Inc., 818 A.2d 314, 316 (N.J. 2003). This duty "requires a business owner to discover and eliminate dangerous conditions, to maintain the premises in safe condition, and to avoid creating conditions that would render the premises unsafe." Id. (citing O'Shea v. K. Mart Corp., 701 A.2d 475 (N.J. Super Ct. App. Div. 1997)). As to the issue of breach, "an injured plaintiff asserting a business owners breach of duty of care must prove, as an element of the cause of action, that the defendant had actual or constructive knowledge of the dangerous condition that caused the accident." Nisivoccia, 818 A.2d at 316.

The pertinent issues here are whether the parking block bumper constituted a dangerous condition and if so, whether defendant had actual or constructive knowledge of the danger that it posed. While defendant "admits knowledge of the existence of the yellow parking blocks," it denies its condition was dangerous or defective, and

alleges that plaintiff fails to offer any proof to demonstrate the existence of a dangerous condition. Def.'s Reply at 7. Defendant further contends that, because the alleged dangerous condition has not changed since it purchased the restaurant and because defendant received no complaints regarding the condition, it could not have had notice of the dangerous condition alleged. Id.; see Mot. Br. at 7-10. The Court finds defendant's arguments are unpersuasive. In addition to the deposition testimony of defendant acknowledging that the subject parking block bumper was positioned at a different angle than those adjacent to it, plaintiff also submits numerous photographs depicting the alleged condition. See Pl.'s Opp'n at 6. These photographs, taken together with defendant's testimony that the alleged condition was in existence at the time the restaurant was purchased, suggest the alleged defect was not only present at the time of the incident but existed for a significant period of time.  This being the case, a jury may fairly infer that defendant had actual or constructive knowledge of an alleged defect. Further, a fact question exists as to whether defendant's misaligned bumper created a dangerous condition.  A jury may conclude that it was dangerous for a bumper to be located in an area where a driver may exit from a vehicle.  The issue is certainly not so clear that its resolution should be taken away from the jury. Further, whether plaintiff's alleged comparative negligence bars her claim is for the jury to decide.  Accordingly, the Court

7

finds that plaintiff has submitted evidence sufficient to demonstrate a genuine question of material fact as to whether the parking block bumper constituted a dangerous condition and whether defendant knew or should have known of the danger that it posed. See Bozza v. Vornado, Inc., 200 A.2d 777, 779 (N.J. 1964) ("Where invitees have been injured by a dangerous condition on the premises of a proprietor, our cases have stressed the proposition that the proprietor is liable for injuries to an invitee . . . if the condition had existed for such a length of time that he should have known of its presence."). The Court acknowledges defendant served an expert report. However, focusing just on the substance of the report, the jury will determine whether a defect existed, not Dr. Cohen.

The Court also finds plaintiff does not need an expert in order to prove defendant's negligence. "The test of need of expert testimony is whether the matter to be dealt with is so esoteric that jurors of common judgment and experience cannot form a valid judgment as to whether the conduct of the party was reasonable." Anand v. Club III at Mattix Forge Condo. Ass'n, Inc., C.A. No. A-4684-16T3, 2018 WL 3893030, at *3 (N.J. Super. Ct. App. Div. Aug. 16, 2018) (citation omitted). Whether an expert witness is required depends on whether the specific situation warrants it. See Scully v. Fitzgerald, 843 A.2d 1110, 1118 (N.J. 2004) ("A jury does not need a fire expert to explain to it the dangers that might follow

8

when a lit cigarette is thrown into a pile of papers or other flammable material."). Here, the Court finds the situation regarding defendant's premises does not warrant expert testimony. This is true because the alleged hazard is not esoteric or technical and, as such, does not require an expert explanation in order to be understood by jurors of common judgment and experience. Further, contrary to defendant's argument in its reply brief, this is not a design defect case. Instead, plaintiff is arguing defendant's bumper was misaligned and should not have been present in a location where a driver exiting a vehicle could trip and fall.

**Conclusion**

Accordingly, for all the foregoing reasons,

IT IS HEREBY ORDERED this 8th day of January 2021, that defendant's "Motion for Summary Judgment" [Doc. No. 27] is DENIED.[2]

s/ Joel Schneider
JOEL SCHNEIDER
United States Magistrate Judge

---

[2] To be clear, the Court is not weighing in on the merits of the underlying claim. The Court is merely ruling that defendant's motion for summary judgment is denied.